**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSEPH EUGENE NAGY,**<br><br>Plaintiff,<br><br>v.<br><br>**POHATCONG TOWNSHIP, *et al.*,**<br><br>Defendants. | Civil Action No. 26-2683 (ZNQ) (JBD)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court on a Complaint ("Compl.," ECF No. 1) and application to proceed *in forma pauperis* ("IFP") ("IFP Appl.," ECF No. 1-2) filed by *pro se* Plaintiff Joseph Eugene Nagy. For the reasons set forth below, Plaintiff's IFP application will be **GRANTED**. Because the application will be granted, the Court will also screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, the Complaint will be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff is a New Jersey resident who appears to be in a property dispute with Defendant Pohatcong Township regarding certain property rights and municipal taxes owed regarding a

property in Phillipsburg.[1] (*See generally* Complaint.) Plaintiff asserts four claims against the Township: Count One "Wrongful tax identifier"; Count Two "Wrongful property identification for taxes"; Count Three "Failed to grant the grandfather clause tax exemptions"; and Count Four "Property rights violations." Plaintiff also asserts a malpractice claim against counsel for the Township, Kevin Benbrook, Esq. He seeks an award of $21 million, and annulment and restitution his taxes. Plaintiff's asserted basis for this Court's jurisdiction in 28 U.S.C. § 1361.

## II. LEGAL STANDARD

An IFP application "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A district court, accordingly, must carefully review an application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the court will grant leave to proceed [IFP]." *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citation omitted). Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time if the court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

"Federal courts, as courts of limited jurisdiction, have an obligation to establish subject matter jurisdiction, raising it *sua sponte* if necessary." *United States v. Port Imperial Ferry Corp.*, Civ. No. 16-2388, 2023 WL 2535302, at *4 (D.N.J. Mar. 16, 2023) (citing *Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995)).

A district court has jurisdiction if a federal question exists or there is diversity between the parties. 28 U.S.C. §§ 1331, 1332. If a court determines at any time that it lacks subject matter

[1] The Complaint also names Kevin Benbrook, Esq., counsel for Pohatcong, as a defendant

jurisdiction, it must dismiss the action because subject matter jurisdiction "call[s] into question the very legitimacy of a court's adjudicatory authority." *Council Tree Comm'ns, Inc. v. FCC*, 503 F.3d 284, 292 (3d Cir. 2007) (citation omitted); *see also Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005) ("[The court is] required to consider the issue of subject matter jurisdiction, even though neither party contends that it is lacking." (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986))). "Where a district court lacks subject-matter jurisdiction, its disposition of such a case will be without prejudice." *Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580-81 (3d Cir. 2007) (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997)).

## III. DISCUSSION

### A. PLAINTIFF'S IFP APPLICATION

The Court has reviewed Plaintiff's IFP application and is satisfied that it meets the standard for indigence. Accordingly, the Court will **GRANT** Plaintiff's IFP application.

### B. COMPLAINT SCREENING

The Complaint, however, fails to provide a basis for the Court's jurisdiction. As a first matter, Plaintiff cites 28 U.S.C. § 1361, but that statute only gives a district court jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof." Plaintiff's claims are brought against a municipality and its counsel, not federal officers or employees. Section 1361 therefore provides no jurisdiction here.

As a second matter, there is no diversity jurisdiction for this matter because all parties are based in New Jersey.

Third, to the extent one or more of Plaintiff's claims might be liberally construed as civil rights claims under 28 U.S.C. § 1983, there are obstacles to that as well: the federal Tax Injunction Act ("TIA") and the doctrine of comity.

Under the TIA, "district courts shall not enjoin, suspend or restrain the *428 assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The "principal purpose" of the TIA is "to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." *California v. Grace Brethren Church*, 457 U.S. 393, 408–09 (1982) (quotation marks and citation omitted). The TIA "divests" a district court of jurisdiction to issue both declaratory and injunctive relief when doing so would "interfere[ ] with the assessment and collection of state taxes" and an "adequate" state remedy is available. *Id.* at 408–12.

The doctrine of comity "supplements" the TIA. *Hardwick v. Cuomo*, 891 F.2d 1097, 1104 (3d Cir. 1989). "More embracive than the TIA, the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 417 (2010). Although non-jurisdictional, under the comity doctrine "federal courts refrain from interfer[ing] ... with the fiscal operations of the state governments ... in all cases where the Federal rights of the persons could otherwise be preserved unimpaired." *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 15, (2015) (alteration in original) (quotation marks omitted) (quoting *Levin*, 560 U.S. at 422); *see also Freed v. Thomas*, 976 F.3d 729, 737 (6th Cir. 2020) ("[T]he principle of comity is a practice of abstention, and is not jurisdictional."). The doctrine is rooted in the "historical reluctance of the federal courts to interfere with the operation of state tax systems if the taxpayer had available an adequate remedy in the state courts." *Grace Brethren Church*, 457 U.S. at 412. Comity thus prevents federal courts

from granting damages relief in cases related to state taxes. *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 107 (1981); *Sipe v. Amerada Hess Corp.*, 689 F.2d 396, 403 (3d Cir. 1982). In short, "principles of federalism and comity generally counsel that courts should adopt a hands-off approach with respect to state tax administration." *Nat'l Priv. Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 586.

With respect to the TIA, the Third Circuit has indicated that courts should take a broad view of what constitutes a "tax" within the meaning of the Act. *See Robinson Protective Alarm Co. v. City of Philadelphia,* 581 F.2d 371 (3d Cir. 1978). The comity doctrine is broader still. Thus, even in cases where plaintiffs "artfully" plead around the "strictures" of the TIA by, for example, omitting requests for injunctive relief, courts in this District and others have invoked the comity doctrine to refrain from deciding cases that are essentially tax disputes. *Frybarger v. N.J. Dep't of Treasury*, Civ. No. 05-4648, 2006 WL 3827331, at *3 (D.N.J. Dec. 27, 2006); *see also Gussin v. Ely,* Civ. No. 08-3723, 2009 WL 5205993, at *3 (D.N.J. Dec. 29, 2009) ("Despite Plaintiff's efforts to avoid a direct challenge of the tax assessment, Plaintiff's claims arise solely from Defendants' alleged unlawful tax collection practices."); *Online Merchants Guild v. Hassell*, Civ. No. 21-369, 2021 WL 2184762, at *7 (M.D. Pa. May 28, 2021) (abstaining under the comity doctrine even though the case was not a "run-of-the-mine tax case" because the plaintiff's claims, when "[c]ulled to their essence," were "really about the Department's authority and intention to tax nonresident Guild members."). Taken together, the TIA and the comity doctrine instruct that "a broad swath of revenue-affecting statutes is protected as state tax administration in which federal courts should refrain from interfering." *Energy Transfer L.P. v. Ficara*, No. 22-3347, 2024 WL 2874363, at *2 (3d Cir. June 7, 2024) (quotation marks and footnote omitted).

Under the TIA and the comity doctrine, federal courts should refrain from hearing cases that risk interfering with state taxation if the state provides “a plain, speedy and efficient remedy” in its courts. *See, e.g.*, *Gass v. County of Allegheny*, 371 F.3d 134, 137 (3d Cir. 2004). This is a modest threshold; it means that “a state court must meet certain minimal *procedural* criteria[,] but it [does] not require that the state's remedy be the best, most convenient, or speediest one.” *Id.* (quotation marks and citation omitted).

The Third Circuit and other courts in this District have already addressed this precise question and found that New Jersey courts provide an adequate remedy. *See, e.g.*, *Sipe*, 689 F.2d at 407 (holding that New Jersey courts provided a “plain, speedy, and efficient” remedy for the plaintiff's claims under federal law); *Reagle v. Elliott*, 80 F. App’x 737, 738 (3d Cir. 2003) (holding that “New Jersey law provides judicial process and adequate remedies through appeal to its Tax Court, and from there to the Appellate Division of its Superior Court”).

Based on Plaintiff’s allegations and the relief he seeks, the Court finds that it lacks subject matter jurisdiction over this action and that this case must be dismissed. Given that Plaintiff is proceeding *pro se*, he will be given until **December 31, 2026** to file an Amended Complaint that cures the deficiencies identified within this Opinion.

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's application to proceed IFP and **DISMISS WITHOUT PREJUDICE** the Complaint. Plaintiff will be given until **December 31, 2026** to file an Amended Complaint. An appropriate Order will follow.

Date: November 17, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**